**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KYLE TRAVIS EULITT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CV-0538-CVE-FHM** |
| | ) | |
| **KAMERON HARVANEK, Warden,[1]** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by

Petitioner, a state inmate appearing pro se. Respondent filed a response (Dkt. # 7) to the petition

and provided the supporting state court record (Dkt. # 8). Petitioner did not file a reply to the

response. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

### BACKGROUND

During the early morning hours of December 31, 2010, Petitioner Kyle Travis Eulitt shot and

killed Ronald Joseph Watts at the Linden Apartment Complex in Bartlesville, Oklahoma. Petitioner

and his friend, Travis Weidbrauk, were returning to Weidbrauk's apartment at approximately 12:20

a.m., when they encountered a group of three men, Dustin Brown, John Barcus, and Watts.

Petitioner was armed with a pistol. Weidbrauk and Watts had a verbal disagreement. Petitioner

raised his gun and shot Watts in the left chest area. Watts did not survive the gunshot wound. Later

---

[1]According to the website maintained by the Oklahoma Department of Corrections, see www.ok.gov/doc/, Petitioner is currently in custody at Mack Alford Correctional Center (MACC). Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, the proper party respondent in this matter is Kameron Harvanek, Warden at MACC. Therefore, Kameron Harvanek, Warden, is substituted in place of Robert Patton, Director, as party respondent. The Clerk of Court shall note the substitution on the record.

that morning, at approximately 6:00 a.m., Petitioner turned himself in at the police station and told officers that he shot Watts in self-defense. Petitioner also gave police the pistol used in the shooting.

As a result of those events, Petitioner was charged in Washington County District Court, Case No. CF-2011-003, with First Degree Murder. Petitioner proceeded to be tried by a jury. The State presented testimony from at least six witnesses that Petitioner was the only person that night armed with a handgun. See Dkt. # 8-4, Tr. Vol. II at 294, 309, 326, 354, 384; Dkt. # 8-5, Tr. Vol. III at 525. Contrary to the testimony of those witnesses, Petitioner testified in his own defense that he shot Watts in self-defense because he saw Watts pull a handgun out of his right side pocket and proceed towards Petitioner causing him to be "in fear for my life and my well-being." See Dkt. # 8-5, Tr. Vol. III at 543. On September 1, 2011, at the conclusion of trial, Petitioner's jury found him guilty as charged and recommended a sentence of life imprisonment. On November 7, 2011, the trial judge sentenced Petitioner in accordance with the jury's recommendation. During trial proceedings, Petitioner was represented by attorney Jim Conatser.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner, represented by attorney Jamie D. Pybas, raised six (6) propositions of error, as follows:

Proposition 1:  Mr. Eulitt was deprived of his due process rights when the trial court abused its discretion by failing to give requested instructions on Second Degree Murder and First Degree Manslaughter, in violation of his rights under the Fourteenth Amendment to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

Proposition 2:  Erroneous and irrelevant instructions conveyed to the jury that Mr. Eulitt was not legally entitled to act in self-defense, violating the Fourteenth Amendment to the United States Constitution and Article II, §§ 7 and 9 of the Oklahoma Constitution.

Proposition 3: Improper cross examination deprived Mr. Eulitt of a fair trial in violation of his rights under the due process clause of the Fourteenth Amendment to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

Proposition 4: The prosecutor's closing argument impermissibly burdened Mr. Eulitt's right to be present at trial and to testify in his own behalf by inviting the jury to draw a baseless inference that he concocted his testimony to fit the testimony presented by the State.

Proposition 5: Mr. Eulitt was deprived of the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

Proposition 6: The accumulation of error in this case deprived Mr. Eulitt of due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article II, § 7 of the Oklahoma Constitution.

(Dkt. # 7-1). On December 7, 2012, in an unpublished summary opinion filed in Case No. F-2011-1012, the OCCA denied relief and affirmed the Judgment and Sentence of the trial court. See Dkt. # 7-3.

Petitioner filed an application for post-conviction relief in state district court. On May 1, 2014, the state district judge denied post-conviction relief. See Dkt. # 7-5. Petitioner filed a post-conviction appeal, raising the following propositions of error:

Proposition 1: Appellate counsel acted in an "objectively unreasonable," unprofessional, incompetent, and ineffective manner when she refused/failed to recognize, investigate into and raise much "stronger" grounds of error on direct appeal, than were raised, which adversely affected the appeal outcome. Amends. 6, 14.

Proposition 2: Trial counsel acted "objectively unreasonable," unprofessional, incompetently, and ineffectively where counsel refused/failed to investigate and pursue Petitioner's defense of voluntary intoxication at trial. Amends. 6, 14; Ok. Const. art. II, §§ 7, 20.

Proposition 3: Trial counsel acted "objectively unreasonable," unprofessional, incompetently, and ineffectively where counsel refused/failed to attack victim's credibility where victim had prior felony convictions for firearms, etc. Amend. 6, 14; Ok. Const. art. II, §§ 7, 20.

Proposition 4: The district court errored [sic] and/or abused its discretion in refusing/failing to hold a statutorily mandated evidentiary hearing in this case, where the issues involve fact-finding "outside the record." Amends. 6, 14; Title 22 O.S. §§ 1083, 1084.

(Dkt. # 7-6). The OCCA remanded the matter twice to the trial judge for additional findings of fact.

On June 19, 2014, the trial judge filed an amended order denying relief on Petitioner's post-conviction claims of ineffective assistance of counsel, see Dkt. # 7-5. By Order filed July 10, 2014, in Case No. PC-2014-0109 (Dkt. # 7-7), the OCCA affirmed the denial of post-conviction relief.

On September 9, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises the following grounds of error:

Ground 1: Petitioner was deprived of his due process rights when the trial court abused its discretion by failing to give requested instructions on 2nd degree murder and 1st degree manslaughter, in violation of his rights under the 14th Amendment to the U.S. Constitution, and Article II, §§ 7 and 20 of the OK State Constitution.

Ground 2: Erroneous and irrelevant instructions conveyed to the jury that Petitioner was not legally entitled to act in self-defense [and] violated the 14th Amendment to the U.S. Constitution and Article II, §§ 7 and 9 of the OK State Constitution.

Ground 3: Improper cross examination deprived Petitioner of a fair trial in violation of his rights under the due process clause of the 14th Amendment to the U.S. Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

Ground 4: The prosecutor's closing argument impermissibly burdened petitioner's right to be present at trial and to testify in his own behalf by inviting the jury to draw a baseless inference that he concocted his testimony to fit the testimony presented by the State.

Ground 5: Petitioner was deprived of the effective assistance of counsel in violation of the 6th and 14th Amendments to the U.S. Constitution and Article II, §§ 7 and 20 of the OK State Constitution.

Ground 6: The accumulation of error in this case deprived Petitioner of due process of law in violation of the 14th Amendment to the U.S. Constitution and Article II, § 7 of the OK State Constitution.

Ground 7: Appellate counsel acted in an "objectively unreasonable," unprofessional, incompetent, and ineffective manner when she refused/failed to recognize, investigate into and raise much "stronger" grounds of error on direct appeal, than were raised, which adversely affected the appeal outcome. Amends. 6, 14.

Ground 8: Trial counsel acted "objectively unreasonable," unprofessional, incompetently, and ineffectively where counsel refused/failed to investigate and pursue Petitioner's defense of voluntary intoxication at trial. Amends. 6, 14; Ok. Const. art. II, §§ 7, 20.

Ground 9: Trial counsel acted "objectively unreasonable," unprofessional, incompetently, and ineffectively where counsel refused/failed to attack victim's credibility where victim had prior felony convictions for firearms, etc. Amends. 6, 14; Ok. Const. art. II, §§ 7, 20.

Id. Respondent filed a response (Dkt. # 7) to the petition, arguing that Petitioner is not entitled to habeas corpus relief.

## *ANALYSIS*

### A. Exhaustion and request for evidentiary hearing

Before addressing Petitioner's habeas claims, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented his claims to the OCCA on direct and post-conviction appeal and they are exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 569 U.S. 351, 133 S. Ct. 1781, 1787 (2013). Section 2254(d) bars relitigation of claims adjudicated on the merits

in state courts and federal courts review these claims under the deferential standard of § 2254(d). Richter, 562 U.S. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Generally, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state court determinations on state law questions). When conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)).

As a preliminary matter, habeas corpus relief is hereby denied on Petitioner's claims alleging that his conviction violates the Oklahoma Constitution. Id. at 67-68. As to Petitioner's claims that his conviction violated the United States Constitution, the OCCA addressed Petitioner's claims raised in Grounds 1-7 on the merits. Therefore, the Court will review those claims under the standards of § 2254(d).

**1. Refusal to instruct on lesser included offenses (Ground 1)**

As his first ground of error, Petitioner claims that he was deprived of due process by the trial court's refusal to instruct the jury on the lesser included offenses of Second Degree Murder and First Degree Manslaughter. See Dkt. # 1 at 5-15. On direct appeal, the OCCA cited Barnett v. State, 271 P.3d 80, 86 (Okla. Crim. App. 2012), and denied relief, finding that "the trial court did not abuse its discretion in refusing Appellant's requested instructions on second degree murder and first degree manslaughter." See Dkt. # 7-3 at 2.

Federal habeas relief is not permitted for state law errors. See Rose v. Hodges, 423 U.S. 19, 22 (1975); Patton v. Mullin, 425 F.3d 788, 807 (10th Cir. 2005) (stating that, in general, matters

concerning the giving of jury instructions are considered questions of state law and not proper subjects of federal habeas corpus review under 28 U.S.C. § 2254. It is well established that "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (internal quotation marks and citation omitted); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). The burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

Upon review of the record, the Court finds that Petitioner was not denied a fundamentally fair trial as a result of the trial court's refusal to issue the requested instructions. The Court first notes that Petitioner's case is a noncapital case. Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a noncapital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004); see also Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993) (holding that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question). For that reason alone, habeas corpus relief on Petitioner's challenge to the omission of lesser included offense jury instructions should be denied. In addition, after reviewing the record, the Court finds that Petitioner has failed to demonstrate that the trial court's refusal to instruct on

lesser included offenses was so fundamentally unfair as to deprive him of a fair trial and due process of law. Therefore, the OCCA's decision regarding this issue was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Habeas relief shall be denied on Petitioner's Ground 1 claim that his constitutional rights were violated because the trial court refused to give jury instructions on the lesser included offenses of Second Degree Murder and First Degree Manslaughter, as requested by defense counsel.

### 2. Erroneous, irrelevant self-defense instructions (Ground 2)

In Ground 2, Petitioner alleges that the trial judge issued erroneous and irrelevant self-defense instructions that "led the jury to the mistaken impression [that] Petitioner had no right to self-defense." See Dkt. # 1 at 5, 15-17. On direct appeal, the OCCA denied relief on this claim, finding as follows:

> we review for plain error the trial court's giving of Instruction Nos. 30, 31 & 32, limitations on the defense of self-defense set out in Oklahoma Uniform Jury Instructions – Criminal 2d 8-50, 8-52 and 8-53. *Hogan*, 2006 OK CR 19, ¶ 38, 139 P.3d at 923. Based upon Appellant's testimony that he thought the decedent was armed and moving toward him, the trial court determined the issue of who was the aggressor was for the jury's determination under the uniform instructions set out above. These instructions are an appropriate statement of the law. *See Jones v. State*, 2009 OK CR 1, ¶ 65, 201 P.3d 869, 886. We find no error and thus no plain error in their presentation to the jury.

(Dkt. # 7-3 at 6).

As stated above, "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." Nguyen, 131 F.3d at 1357 (internal quotation marks and citation omitted); see also Maes, 46 F.3d at 984. Also, Oklahoma law defines plain error as "an

9

error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense," Simpson v. State, 876 P.2d 690, 698 (Okla. Crim. App. 1994), and "impinges on the fundamental fairness of trial." Cleary v. State, 942 P.2d 736, 753 (Okla. Crim. App. 1997). Addressing Oklahoma's definition of plain error, the Tenth Circuit Court of Appeals found that there was "no practical distinction between the formulations of plain error . . . and the federal due-process test, which requires reversal when error so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (citation and internal quotation marks omitted). When the OCCA applies the plain error standard of review, this Court must defer to its ruling unless it "unreasonably appli[ed]" the test. Id. (citing 28 U.S.C. § 2254(d)).

Here, after considering the jury instructions in light of all the surrounding circumstances, the Court finds that the self-defense instructions properly served to inform the jury of the law governing self-defense and provided the proper framework for determining whether Petitioner was entitled to claim self-defense, including determining whether or not the victim was the aggressor. The self-defense instructions provided to the jury did not render Petitioner's trial fundamentally unfair. Therefore, the OCCA did not unreasonably apply the due process test and the Court defers to the OCCA's ruling. Habeas corpus relief is denied on Ground 2.

### 3. Improper cross-examination (Ground 3)

In Ground 3, Petitioner claims that the prosecutor engaged in improper cross-examination tactics while questioning Petitioner who testified in his own defense. See Dkt. # 1 at 18, 19-23. The OCCA considered this claim on direct appeal and denied relief, finding as follows:

> we review for plain error and find none in the prosecutor's impeachment of Appellant by asking for Appellant's opinion on the veracity of the state's witnesses. *Hogan*, 2006 OK CR 19, ¶ 38, 139 P.3d at 923. Appellant recognizes we have held this type of impeachment does not constitute error. *Harney v. State*, 2011 OK CR

10, ¶ 26, 256 P.3d 1002, 1007; *Stemple v. State*, 2000 OK CR 4, ¶ 48, 994 P.2d 61, 71; *Ross v. State*, 1978 OK CR 136, ¶ 7, 588 P.2d 1269, 1270. However he asks us to reconsider our long standing precedent citing to cases from other jurisdictions. Having reviewed those cases, we find no compelling reason to deviate from our established precedent.

(Dkt. # 7-3 at 6-7).

As discussed above, when the OCCA applies the plain error standard of review, this Court must defer to its ruling unless it "unreasonably appli[ed]" the test. Thornburg, 422 F.3d at 1125. Here, Petitioner testified on direct examination that he saw the victim pull a gun out of his pocket. See Dkt. # 8-5, Tr. Vol. III at 543. Petitioner clearly stated that he saw the victim's gun and provided a physical description of the gun. Id. On cross-examination, the prosecutor asked questions to demonstrate the contrast between Petitioner's testimony and the testimony of the State's witnesses that the victim was unarmed and that no gun was found on or near his body. The prosecutor's questions were not improper. The Court finds that the prosecutor's cross-examination of Petitioner did not deprive Petitioner of a fundamentally fair trial. For that reason, the Court defers to the OCCA's ruling. Habeas corpus relief is denied on Ground 3.

**4. Prosecutorial misconduct (Ground 4)**

As his fourth proposition of error, Petitioner alleges that the prosecutor engaged in prosecutorial misconduct during closing argument when he implied that Petitioner had "concocted his testimony the fit the testimony presented by the State." See Dkt. # 1 at 18, 23-26. On direct appeal, the OCCA again reviewed for plain error and determined that the prosecutor's "argument in this case was within the wide range of discussion and illustration permitted in closing argument. *Sanchez v. State*, 2009 OK CR 31, ¶ 71, 223 P.3d 980, 1004. We find no error, and thus no plain error in the prosecutor's argument." See Dkt. # 7-3 at 7.

Prosecutorial misconduct, if it occurs, can "create constitutional error in one of two ways." Matthews v. Workman, 577 F.3d 1175, 1186 (10th Cir. 2009). "First, prosecutorial misconduct can prejudice 'a specific right, such as the privilege against compulsory self-incrimination, as to amount to a denial of that right.'" Id. (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). When this occurs, a petitioner need not show that his entire trial was rendered fundamentally unfair. See Dodd v. Trammell, 753 F.3d 971, 990 (10th Cir. 2013). "Second, even if the prosecutor's improper remarks do not impact a specific constitutional right, they may still create reversible error if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Matthews, 577 F.3d at 1186 (quoting Donnelly, 416 U.S. at 643). Under this test, prosecutorial comments violate due process only when the prosecutor's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly, 416 U.S. at 642-48. To satisfy this test, a petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that absent the remarks, a conviction probably would not have occurred. Thomas v. Cowley, 1991 WL 151773 at *9 (10th Cir. Aug. 8, 1991) (unpublished).[2]

Upon review of the trial record, the Court agrees with the OCCA that the prosecutor's comments did not deprive Petitioner of a fundamentally fair trial. In Thornburg, 422 F.3d at 1132, the Tenth Circuit Court of Appeals stated that "it is not improper for a prosecutor to direct the jury's attention to evidence that tends to enhance or diminish a witness's credibility." Here, the prosecutor asked the jury to consider all of Petitioner's inconsistencies in assessing Petitioner's credibility. The

---

[2]This and other unpublished opinions cited herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

prosecutor proposed that a circumstance contributing to the inconsistencies was that Petitioner had "sat through this trial and heard" the witnesses' testimony. See Dkt. # 8-5, Tr. Vol. III at 603. As a result, the prosecutor implied that Petitioner knew what he had to say to conform to their testimony. Id. The prosecutor's comments regarding Petitioner's credibility were not improper. After considering all of the surrounding circumstances, including the strength of the State's case, the Court finds the cited comments were not so egregious that Petitioner's trial was rendered fundamentally unfair. Therefore, the OCCA did not unreasonably apply the due process test and the Court defers to the OCCA's ruling. Petitioner's request for habeas corpus relief on Ground 4 is denied.

### 5. Ineffective assistance of trial counsel (Ground 5)

In Ground 5, Petitioner asserts that trial counsel provided ineffective assistance in failing to (1) ensure that lesser included offense instructions were given, (2) ensure that the self-defense instructions were "tailored to the evidence," (3) object to the prosecutor's cross-examination questions, and (4) object to the prosecutor's improper closing argument. See Dkt. # 1 at 26-28. On direct appeal, the OCCA considered and rejected Petitioner's challenges to trial counsel's assistance, citing Strickland v. Washington, 466 U.S. 668, 687 (1984), and finding as follows:

> In Proposition I, we found no error and no plain error in the omission of an instruction on manslaughter by resisting criminal attempt. As the evidence did not support giving such an instruction, any request by counsel for the instruction or objection to its absence would have been denied. Counsel's failure to request such an instruction or object to its absence does not satisfy the requirements of *Strickland* because any such request or objection would have been properly denied. In Proposition II, we again found no error and no plain error in the trial court's self-defense instructions. Any objection to the court's giving OUJI-CR-2d 8-50 – 8-53 would have been overruled as the instructions were accurate statements of applicable law. Trial counsel will not be found ineffective for failing to raise objections which would have been overruled. *Frederick v. State*, 2001 OK CR 34, ¶ 189, 37 P.3d 908, 955; *Phillips v. State*, 1999 OK CR 38, ¶ 104, 989 P.2d 1017, 1044. In

Proposition III, we found no plain error in the prosecutor's impeachment of Appellant. Any objection by defense counsel would have been overruled. Counsel will not be found ineffective in such a situation. In Proposition IV, we found no error in the prosecutor's closing argument. As the argument was within the wide range of discussion and illustration permitted in closing argument, any objections by counsel would have been overruled. Appellant thus cannot meet the requirements of *Strickland* for a showing of counsel's ineffectiveness. Having thoroughly reviewed Appellant's claims of ineffectiveness, we find he has not shown that he has suffered any prejudice by counsel's conduct.

(Dkt. # 7-3 at 8-9).

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of the claim was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland. He has failed to satisfy that burden. First, Petitioner fails to demonstrate that there was instructional error in this case. As determined by the OCCA, the evidence did not support the lesser included offense instructions and counsel's requests were appropriately denied. In addition, Petitioner fails to demonstrate that the self-defense instructions were improper and, therefore, any objection by defense counsel would have been overruled. Similarly, Petitioner fails to demonstrate that the prosecutor's cross-examination questions and closing argument were improper and, therefore, any objection by defense counsel would have been overruled. Defense counsel is not ineffective for failing to raise a meritless objection. See Sperry v. McKune, 445 F.3d 1268, 1275 (10th Cir. 2006) (finding that counsel was not ineffective for failing to assert a meritless argument at trial). Further, in light of the overwhelming evidence of Petitioner's guilt presented at trial, Petitioner cannot demonstrate a reasonable probability that the result of his trial would have been different had counsel lodged objections to the instructions or to the prosecutor's questions and closing argument. Therefore, the OCCA's adjudication of this claim was not contrary to, or an unreasonable

application of, clearly established federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts presented at trial. 28 U.S.C. § 2254(d). Habeas corpus relief is denied on Ground 5.

### 6. Cumulative error (Ground 6)

In Ground 6, Petitioner argues that "[e]ven if none of the previously discussed errors can, when viewed in isolation necessitate reversal of Petitioner's conviction, the combined effect of these errors deprived him of a fundamentally fair trial and requires that his conviction be reversed." See Dkt. # 1 at 28. The OCCA considered this claim on direct appeal and denied relief, finding that "Appellant was not denied a fair trial by the accumulation of errors." See Dkt. # 7-3 at 9 (citation omitted).

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (internal quotation marks and citation omitted). The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). "In the federal habeas context, the only otherwise harmless errors that can be aggregated are federal constitutional errors, and such errors will suffice to permit relief under cumulative error doctrine only when the constitutional errors committed in the state court trial so fatally infected the trial that

they violated the trial's fundamental fairness." <u>Matthews</u>, 577 F.3d at 1195 n.10 (internal quotation omitted).

In this case, the Court has not found two or more harmless errors during Petitioner's trial. As a result, there is no basis for a cumulative error analysis. Petitioner has not shown that the OCCA's adjudication of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas relief is denied on Ground 6.

### 7. Ineffective assistance of appellate counsel (Ground 7)

As his seventh ground of error, Petitioner claims that appellate counsel provided ineffective assistance in failing to raise two claims of ineffective assistance of trial counsel, specifically trial counsel's failure to investigate and pursue a voluntary intoxication defense and to call John Barcus as a witness at trial. Petitioner also challenges trial counsel's failure to attack the victim's credibility based on the victim's prior convictions "for firearms, etc." <u>See</u> Dkt. # 1 at 29. Petitioner characterizes the omitted claims of ineffective assistance of trial counsel as "much stronger" than the grounds of error raised on direct appeal by appellate counsel. <u>Id.</u> at 29-31. The OCCA adjudicated this claim on post-conviction appeal and denied relief, citing <u>Strickland</u>, 466 U.S. 668, and finding that appellate counsel's failure to raise the claims of ineffective assistance of trial counsel on direct appeal did not affect the outcome of the appeal. <u>See</u> Dkt. # 7-7 at 4.

When assessing claims of ineffective assistance of appellate counsel, this Court applies the <u>Strickland</u> two-pronged standard used for general claims of ineffective assistance of trial counsel. <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first

examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). In Cargle v. Mullin, 317 F.3d 1196 (10th Cir. 2003), the Tenth Circuit explained that:

> [i]f the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.

Id. at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998). The Tenth Circuit has consistently held that "[w]hile counsel should not omit 'plainly meritorious' claims, counsel need not raise meritless issues." Smith v. Workman, 550 F.3d 1258, 1268 (10th Cir. 2008) (quoting Miller v. Mullin, 354 F.3d 1288, 1298 (10th Cir. 2004)). To prevail, a petitioner must "show an 'objectively unreasonable' decision by the appellate counsel as well as a 'reasonable probability that the omitted claim would have resulted in relief.'" Id. (quoting Neill, 278 F.3d at 1057 & n.5).

Petitioner fails to demonstrate that the OCCA's adjudication of his claim of ineffective assistance of appellate counsel was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. As to Petitioner's claim that trial counsel provided ineffective assistance in failing to raise the defense of voluntary intoxication, the claim lacks merit. In Oklahoma, the defense of voluntary intoxication is recognized if, due to intoxication, a defendant lacks the necessary intent to commit certain crimes. Wooldridge v. State, 801 P.2d 729, 734 (Okla. Crim. App. 1990). However, "[s]ufficient evidence must be introduced to show a defendant was so intoxicated his mental powers were overcome and he was unable to form criminal intent." Fitzgerald v. State, 972 P.2d 1157, 1174 (Okla. Crim. App. 1998). As stated above, Petitioner

testified at trial that he acted in self-defense when he shot Joe Watts. He provided details of the incident that would have undercut any claim that he was so intoxicated that his mental powers were overcome. Further, Petitioner's proposed voluntary intoxication defense would have weakened his defense of self-defense as presented at trial. Also, Petitioner's friend and companion at the time of the shooting, Travis Weidbrauk, testified that he and Petitioner had been drinking a few beers and were both "buzzed" but not "out of it drunk" See Dkt. # 8-4, Tr. Vol. II at 342. Thus, the evidence simply did not support a voluntary intoxication defense. There is no reasonable probability that the outcome of the appeal would have been different had appellate counsel raised this issue.

As to Petitioner's underlying claim challenging trial counsel's failure to call John Barcus, a friend of the victim who was present at the scene of the shooting, as a witness, the Court finds the claim lacks merit. Petitioner alleges that:

> Barcus saw everything that occurred that evening. Barcus would have supported Petitioner's voluntary intoxication defense. Barcus would also have testified that the victim had a gun as testified to by Petitioner as part of his defense of self-defense. Barcus would have testified that the victim did move toward Petitioner in a threatening manner, which forced Petitioner herein to use deadly force to protect himself and his friend. Barcus' testimony was crucial in this case. Lastly, Barcus would have testified that deadly force was necessary to protect Petitioner and his friend, Mr. Weidbrauk, the one whom the altercation started with.

(Dkt. # 1 at 32). Petitioner provides no evidentiary support for these allegations. As a result, his description of Barcus's anticipated testimony is entirely speculative. Speculation does not satisfy Petitioner's obligation to demonstrate a reasonable probability that the outcome would have been different as required to support his ineffective assistance of counsel claims. United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995) (finding that "all that the Defendant urges is speculation, not a reasonable probability that the outcome would have been different. Accordingly, he cannot establish prejudice."). Nor does speculation warrant an evidentiary hearing. Tafoya v. Tansy, 9 F. App'x

862, 871 (10th Cir. 2001) (unpublished).  Furthermore, as set forth above, overwhelming evidence demonstrated that the victim was not armed and did not threaten Petitioner.  Petitioner fails to offer an explanation for his contention that Barcus's testimony would have been different.  Petitioner fails to demonstrate a reasonable probability that the outcome of the appeal would have been different had appellate counsel raised this issue.

As to Petitioner's claim that appellate counsel provided ineffective assistance in omitting a challenge to trial counsel's failure to attack the victim's credibility because he allegedly had prior convictions for illegal gun possession, the claim lacks merit.  Petitioner testified at trial that he did not know Joe Watts at the time of the shooting.  See Dkt. # 8-5, Tr. Vol. III at 544.  Thus, even if Petitioner provided evidence supporting his contention that Watts had prior convictions for illegally possessing firearms, Petitioner would not have known about the convictions at the time of the shooting and the information could not have impacted Petitioner's conduct.  Further, the evidence would not overcome the testimony demonstrating that the victim was not armed at the time of the shooting.  Therefore, the omitted claim lacks merit and appellate counsel did not provide ineffective assistance in failing to raise the claim.

In summary, Petitioner fails to demonstrate that the OCCA's adjudication of his ineffective assistance of appellate counsel claim was contrary to, or an unreasonable application of, Strickland.  Habeas corpus relief on Ground 7 is denied.

## C. Procedural bar (Grounds 8 and 9)

In Grounds 8 and 9, Petitioner raises claims of ineffective assistance of trial counsel. <u>See</u> Dkt. # 1 at 4. Petitioner did not raise these claims on direct appeal. Instead, Petitioner first raised them in his application for post-conviction relief. On post-conviction appeal, Petitioner argued that trial counsel provided ineffective assistance of counsel in failing (1) to pursue a defense of voluntary intoxication, (2) to subpoena John Barcus to testify at trial, and (3) to attack the victim's "credibility" based on his prior convictions for possessing firearms. <u>See</u> Dkt. # 7-6 at 9-19. The OCCA imposed a procedural bar on these claims, finding as follows:

> Petitioner raised an issue of ineffective assistance of trial counsel in his direct appeal; therefore, the issue is barred based on *res judicata*. "The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate at a different stage of the appellate process." *Turrentine v. State*, 1998 OK CR 44, ¶ 12, 965 P.2d 985. Any additional allegations as to trial counsel's ineffectiveness have been waived. *Castro v. State*, 1994 OK CR 53, ¶ 3, 880 P.2d 387.

<u>See</u> Dkt. # 7-7 at 2-3.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 724 (1991); <u>see also</u> <u>Maes v. Thomas</u>, 46 F.3d 979, 985 (10th Cir. 1995); <u>Gilbert v. Scott</u>, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." <u>Maes</u>, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." <u>Id.</u> (internal quotation marks and citation omitted).

Applying the principles of procedural bar to these facts, the Court concludes that Petitioner's claims challenging the assistance provided by trial counsel, as raised in Grounds 8 and 9, are procedurally barred from this Court's review. The OCCA's procedural bar was an independent ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." See id. at 985.

In addition, the procedural bar imposed on Petitioner's ineffective assistance of trial counsel claims was adequate to preclude federal habeas corpus review. When the underlying claim is of ineffective assistance of counsel, the Tenth Circuit Court of Appeals recognizes that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citation omitted). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citation omitted). In English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit explicitly limited the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally. In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

In this case, attorney Jim Conatser represented Petitioner at trial and attorney Jamie D. Pybas represented Petitioner on direct appeal. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel on appeal. The second English factor requires that the claims could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. Even if Petitioner's claims in this case could not be resolved on the trial record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, was inadequate to allow him to supplement the record on his ineffective assistance of trial counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) ("Once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure."). Although Respondent has alleged an independent and adequate procedural bar, see Dkt. # 7 at 35-38, Petitioner has not put the adequacy of Oklahoma's remand procedure at issue. As a result, Petitioner has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate, and his claims of ineffective assistance of trial counsel raised in Grounds 8 and 9 are procedurally barred.

Because of the procedural default of Petitioner's claims in state court, this Court may not consider the defaulted claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. "The fundamental miscarriage of justice exception is an extremely narrow exception, implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Phillips v.

Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (citation and internal quotation marks omitted)). To establish a fundamental miscarriage of justice, a petitioner must support his allegations of innocence with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner has failed to make this showing. In his petition, Petitioner never asserts that he is actually innocent. Therefore, Petitioner does not fall within the narrow "fundamental miscarriage of justice" exception.

Petitioner may also overcome the procedural bar by demonstrating cause and prejudice. "Cause" must be "something *external* to the petitioner, something that cannot fairly be attributed to him." Coleman, 501 U.S. at 753. Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. See Murray v. Carrier, 477 U.S. 478, 488 (1986). As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). "Pro se litigants do not enjoy a more lenient standard," Frye v. Raemisch, 546 F. App'x 777, 785 (10th Cir. 2013) (unpublished) (citation omitted), and a petitioner's status as a pro se prisoner does not constitute "cause" for the procedural default. Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993) (citation omitted).

Petitioner alleges ineffective assistance of appellate counsel as cause for the procedural default. "Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." Hickman v. Spears, 160 F.3d 1269, 1272 (10th Cir. 1998) (citation omitted). However, in order for an attorney's performance to constitute cause external to a

petitioner, the attorney's performance must be constitutionally ineffective under the standard established in Strickland. See Coleman, 501 U.S. at 752-54.

On post-conviction appeal, Petitioner argued that appellate counsel provided ineffective assistance in failing to raise the defaulted claims on direct appeal. The OCCA found "no merit in the claim that Petitioner was denied effective assistance of appellate counsel as alleged in his post-conviction application." See Dkt. # 9-7 at 4. This Court has determined above that the OCCA's adjudication of Petitioner's claim of ineffective assistance of appellate counsel was not contrary to, and did not involve an unreasonable application of, Strickland. Therefore, ineffective assistance of counsel cannot serve as cause to overcome the procedural bar.

Petitioner fails to demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." Accordingly, the Court concludes that Petitioner's defaulted claims of ineffective assistance of trial counsel as raised in Grounds 8 and 9 are procedurally barred. Coleman, 510 U.S. at 724. Habeas corpus relief on Grounds 8 and 9 is denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s]

which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decisions by the OCCA was debatable amongst jurists of reason. See Dockins, 374 F.3d at 937-38. As to the claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the claims on procedural grounds is debatable. A certificate of appealability is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Kameron Harvanek, Warden, in place of Robert Patton, Director, as party respondent.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 25th day of August, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE